UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff-Respondent,<br><br>   v.<br><br>MAURICIO AGUILAR-ROBLERO,<br><br>   Defendant-Petitioner. | NO: 2:17-CR-0052-TOR<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT are Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF No. 60), Application to Proceed In Forma Pauperis (ECF No. 61), and Motion to Appoint Counsel (ECF No. 62). Defendant is proceeding *pro se*. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Court denies Defendant's Motions.

**BACKGROUND**

On September 6, 2017, Mauricio Aguilar-Roblero appeared before the Court and entered a plea of guilty to Count 1 of the Indictment filed on April 4, 2017,

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

charging him with Possession with the Intent to Distribute 500 Grams or more of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). ECF Nos. 34, 35, 36. On December 12, 2017, Mr. Aguilar-Roblero was sentenced to 135 months incarceration followed by a 5-year term of supervised release. ECF No. 45.

Although Defendant waived "his right to appeal the conviction and sentence if the Court sentences the Defendant to a term of incarceration of not more than 135 months; and a term of supervised release of not more than five (5) years" (ECF No. 35 at ¶ 16), an appeal was filed on his behalf. ECF No. 48. Appellate counsel was appointed to represent Mr. Aguilar-Roblero on appeal. ECF No. 56. The Ninth Circuit considered his case and on February 21, 2019 dismissed his appeal, ruling as follows:

> Mauricio Aguilar-Roblero appeals from the district court's judgment and challenges his guilty-plea conviction and 135-month sentence for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Aguilar-Roblero's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Aguilar-Roblero has filed a pro se supplemental brief. No answering brief has been filed.
> Aguilar-Roblero waived his right to appeal his conviction and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). We accordingly dismiss the appeal. *See id.* at 988.

Counsel's motion to withdraw is GRANTED. We treat Aguilar-Roblero's pro se submissions, Docket Entry Nos. 14 and 21, as motions for appointment of new counsel and DENY the motions. DISMISSED.

ECF No. 58.

On August 12, 2019, Defendant filed the instant motions.

## DISCUSSION

**A. Motion to Vacate, Set Aside or Correct Sentence**

The Court first considers Defendant's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4(b) provides that the Court "must promptly examine [the motion]. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . ."

The issues raised do not require an evidentiary hearing. *See* Rule 8, Rules—Section 2255 Proceedings. The transcripts, records and materials filed in this proceeding adequately document the issues for resolution.

Here, Defendant is plainly not entitled to relief. Defendant raises a number of issues, which will be addressed in the order presented.

**1. Plea Not Knowing, Intelligent, or Voluntary**

Defendant contends his "guilty plea was not knowingly, intelligently, or voluntarily entered" and had he "been properly advised, he would have pled not

guilty and insisted on going to trial." ECF No. 60 at 5. Defendant does not elucidate his contentions any further.

The transcript of the change of plea hearing demonstrates otherwise. ECF No. 57. First, Defendant was placed under oath to tell the truth during the hearing. *Id*. at 3-4. Defendant was advised of the charge, the elements of the offense, the penalties associated with the offense, the right to a jury trial and all its attendant rights. Defendant affirmed that no one promised him anything other than the promises in the plea agreement and that no one threatened him to get him to plead guilty. *Id*. at 5-6. Defendant represented that it was his decision to plead guilty. *Id*. at 6.

Defendant has not shown that his plea was not knowing, intelligent and voluntary and the full transcript conclusively demonstrates otherwise. This contention is denied.

### 2. Denial of Due Process

Defendant claims he "has been denied due process of law. ECF No. 60 at 5. Without any facts or argument to support this conclusory contention, it is denied.

### 3. Ineffective Assistance of Counsel; Failure to File Pretrial Motions

Defendant contends that "Trial counsel failed to timely and properly object and file all proper pre-trial motions". ECF No. 60 at 5. Defendant has not

included any facts or argument to support this contention and equally important, has failed to show prejudice.

Effective assistance of counsel is analyzed pursuant to the doctrine set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). According to *Strickland*, Petitioner bears the burden of establishing two components to an ineffectiveness inquiry. First, the representation must fall "below an objective standard of reasonableness." 466 U.S. at 687–88. Courts scrutinizing the reasonableness of an attorney's conduct must examine counsel's "overall performance," both before and at trial, and must be highly deferential to the attorney's judgments. *United States v. Quintero-Barraza*, 78 F.3d 1344, 1347–48 (9th Cir. 1995) (quoting *Strickland*, 466 U.S. at 688–89). In fact, there exists a "strong presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Id*. (citation omitted).

If the petitioner satisfies the first prong, he must then establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Quintero-Barraza*, 78 F.3d at 1347 (quoting *Strickland*, 466 U.S. at 694).

Defendant has shown neither of the two prongs required by *Strickland*. Accordingly, this contention is denied.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 5

### 4. Failure to Advise Right of Confrontation

Defendant contends that "[n]either plea agreement or Canvaas Connotes" that he was advised of his right to confront and cross-examine his accuser. ECF No. 60 at 5. The Court construes this allegation that neither the plea agreement nor the transcript of the change of plea hearing contains evidence that Defendant was advised of his confrontation rights.

The written Plea Agreement and the change of plea transcript demonstrate otherwise. The Plea Agreement represented that Defendant "understands that be entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including: . . . (b). The right to see, hear and question the witnesses". ECF No. 35 at 3. The Court also advised Defendant that "You have a right to see and hear all the witnesses and have them cross-examined in your defense." ECF No. 57 at 9. Defendant affirmatively acknowledged that if the Court accepts his guilty plea, Defendant would be giving up this right. *Id*. Therefore, this contention is denied.

### 5. Plea Entered under Duress

Defendant claims his plea was entered under duress. ECF No. 60 at 5. He points to three entries in the change of plea transcript to support this argument. First, he cites to his crying at ECF No. 57 at 5. Defendant does not explain how his crying demonstrates he was acting under duress, neither at the time nor

presently. Pleading guilty to a serious federal offense is an emotional event and it is not uncommon that individuals cry. Without any explanation, this outburst does not support a duress defense, especially because while Defendant was under oath, he testified that the decision to plead guilty was his own and he was not threatened.

Next, Defendant cites to his answer to the question whether anybody made any promises or assurances of any kind to get you to plead guilty. . .like the outcome of the case or what would happen to you after you plead guilty. Defendant answered, "I don't know." ECF No. 57 at 6. Defendant then cites to his statement that "I know that when I leave here in Mexico I'm going to get killed." Contemporaneously with this statement however, Defendant denied that the government made any promises to get him to plead guilty, other than the ones in the plea agreement. *Id*. Defendant then denied that anyone threatened him to get him to accept this plea agreement. *Id*. Defendant then affirmed that the decision to plead guilty was his. *Id*.

The record conclusively shows that Defendant was not under duress to plead guilty. If anything, it showed he was afraid to return to Mexico, but that does not affect the voluntariness of his plea.

**6. Indictment Moot and Void**

Defendant contends that the Indictment against him is moot and void. ECF No. 60 at 5-6. Defendant's argument initially makes no sense, but he cites to

statements his trial counsel relayed to the Court at sentencing. ECF No. 54 at 4-5. Those statements put Defendant's present argument in context. Simply stated, an individual (CD) was arrested and made the decision to cooperate with federal agents. The CD placed a telephone call to people in Mexico and arranged for the delivery of drugs. Mr. Aguilar-Roblero was the individual that showed up to deliver and sell the drugs to the CD. Federal agents then arrested Defendant. The CD's case was resolved through a suppression motion that was granted and the charges against him were dismissed. Essentially, Defendant contends that if the evidence against the CD was suppressed and his case dismissed, so should Defendant's case be dismissed. That is not the law.

The protections of the Fourth Amendment are personal rights. The question is whether the person claiming a constitutional violation "has had his own Fourth Amendment rights infringed by the search and seizure which he seeks to challenge." *Rakas v. Illinois*, 439 U.S. 128, 133 (1978); *Alderman v. United States*, 394 U.S. 165, 174 (1969) (Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted.)

Here, the CD's rights were violated, but that does not establish Defendant's standing to assert that his legitimate expectations of privacy have been violated. Specifically, CD's automobile was previously searched without cause leading to the discovery of drug trafficking evidence. The CD then cooperated and later

ordered more drugs. Defendant had no expectation of privacy in the CD's automobile, he was only later delivering drugs to the CD for which the CD ordered. Thus, the suppression of evidence in the CD's case has no affect whatsoever on the prosecution of Defendant.

Defendant apparently believes that the Indictment should not be valid if the CD's evidence was suppressed. That is not so. Defendant has no standing to complain about a violation of the CD's privacy rights in the CD's automobile. This contention is denied.

### 7. Jurisdictional Evidence Was Unlawful

Defendant extends his prior argument further and contends that there is no jurisdiction against Defendant because "the evidence used to indict [the CD] and [Defendant] were found to be fruits of an unlawful search and seizure and/or an illegal international wiretap." ECF No. 60 at 6. However, none of the evidence previously seized from the CD was used to charge or convict the Defendant. The CD later cooperated and ordered drugs and the Defendant delivered those drugs. The Court had jurisdiction and the Defendant has no standing to suppress any evidence.

### 8. Invalid Indictment

Defendant again extends his two prior arguments to further contend that the Indictment was obtained with suppressed evidence. ECF No. 60 at 7. Those are

not the facts. None of the evidence used to indict or convict Defendant was suppressed or suppressible.

### 9. Counsel Failed to Object to Void or Moot Indictment

Defendant further extends his prior three arguments and contends that his counsel was ineffective for failing to object and quash the Indictment because it was based on inadmissible evidence. ECF No. 60 at 7-8. As explained above, that contention is based on a fallacy and is denied.

### 10. Denial of Direct Appeal Comporting with 5th and 14th Amendment

Defendant contends that appeal counsel denied him of a direct appeal that comports with the 5th and 14th Amendment of the Constitution. ECF No. 60 at 10. Defendant provides no facts or argument. This contention is denied.

### 11. Defendant Never Waived Right to Indictment

Defendant contends that he never waived Indictment. ECF No. 60 at 10. That statement is true, but no error has been shown because Defendant was indicted by the Grand Jury (ECF No. 19), pleaded guilty to Count 1 of that Indictment (ECF Nos. 35, 36) and was sentenced for that very crime (ECF No. 45). This contention is denied.

### 12. Defendant Never Administered his *Miranda* Rights

Defendant contends that he was never administered his *Miranda* rights. ECF No. 60 at 10. Critically, Defendant does not contend that any of his

statements were ever used against him in violation of the 5th Amendment. Indeed, even the factual basis for his plea does not include any admissions of the Defendant. ECF No. 35 at 5-6.

The Fifth Amendment requires that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const., Amdt. 5. Advising one of his *Miranda* rights is a judicially created rule to effectuate the 5th Amendment. *See, e.g., Michigan v. Tucker*, 417 U.S. 433, 444 (1974) (describing the "procedural safeguards" required by *Miranda* as "not themselves rights protected by the Constitution but . . . measures to insure that the right against compulsory self-incrimination was protected" to "provide practical reinforcement for the right"). Statements compelled by police interrogations of course may not be used against a defendant at trial, but it is not until their use in a criminal case that a violation of the Self–Incrimination Clause occurs. *Chavez v. Martinez*, 538 U.S. 760, 767 (2003) (citations omitted). Whether or not Defendant was administered his *Miranda* rights, he has failed to show that his 5th Amendment rights were actually violated. This contention is denied.

**13. Failure to Provide Notice of No Minor Role/Safety Valve Reduction**

Defendant contends that he "was not served with timely or proper notice that he was not going to receive the 3B1.2 minor role and /or safety valve points – reduction either." ECF No. 60 at 10.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 11

The Presentence Investigation Report (PSIR) was provided to Defendant's trial counsel. ECF No. 39. At the beginning of the sentencing hearing, Defendant's counsel represented to the Court that she reviewed the PSIR with Defendant. ECF No. 54 at 3. Counsel then represented to the Court that there were no outstanding objections to the PSIR. *Id*. The PSIR allowed for a 2-level reduction for safety valve, ECF No. 39 at 6, and that reduction was granted by the Court, ECF No. 54 at 17.

The PSIR did not recommend a minor role reduction and the PSIR was reviewed by the Defendant prior to sentencing. ECF No. 39 at 6. After hearing allocution by the Defendant, ECF No. 54 at 15-16, the Court rejected the minor role reduction, ECF No. 54 at 17-18. Defendant's contention that he did not receive notice is belied by the record. This contention is denied.

**B. Application to Proceed In Forma Pauperis, Motion to Appoint Counsel**

In forma pauperis status is unnecessary to file a § 2255 motion. No additional filing fees are due for a § 2255 motion. Thus, the application is denied.

Counsel must be appointed to represent indigent defendants in § 2255 proceedings when "the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (*citing Dillon v. United States*, 307 F.2d 445, 446-47 (9th Cir. 1962)); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995) (the

appointment of counsel mandatory when evidentiary hearings are required). Otherwise, the request for counsel is addressed to the "sound discretion of the trial court." *Brown*, 623 F.2d at 61 (internal quotation marks omitted). Factors guiding the court's discretion as to whether to appoint counsel in habeas corpus proceedings include the petitioner's ability to articulate his claim, complexity of legal issues, and likelihood of success on merits. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

The simplicity of the case and the plain invalidity of Defendant's claims warrant this Court in denying the appointment of counsel.

### C. Certificate of Appealability

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 13

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issue presented deserves encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 60) is **DENIED**.

2. Defendant's Application to Proceed In Forma Pauperis (ECF No. 61) is **DENIED** as moot and unnecessary.

3. Defendant's Motion to Appoint Counsel (ECF No. 62) is **DENIED**.

4. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties. This file and the corresponding civil (statistical) file (2:19-CV-0277-TOR) shall be **CLOSED**.

**DATED** October 24, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 14